**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

REGINALD BROOKS,

     Plaintiff,

     v.                                                          CAUSE NO. 1:25-CV-184-TLS-JEM

FT. WAYNE JOURNAL GAZZETT, NEWS
15, NEWS 21, NEWS 33, FOX NEWS,
CAITLYNN SHIPE, official and unofficial,
and WFFT.COM,

     Defendants.

OPINION AND ORDER

Reginald Brooks, a prisoner without a lawyer, filed a second amended complaint alleging

six news outlets and a news editor, Caitlynn Shipe, violated his federal rights by publishing

defamatory information pertaining to his criminal charge of murder and criminal case. ECF 34.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

Brooks alleges that, on January 31, 2025, the seven defendants began publishing

defamatory information -- articles, statements, and aired segments -- about his criminal charge

and case that were defamatory and showed a "total disregard for the truth." ECF 34 at 3–6.

Given the defamatory information that has been published about him, Brooks seems to assert he

will be denied a fair trial. *Id*. He seeks compensatory damages and a published apology. *Id*. at 7. There are several reasons why this second amended complaint does not state a claim.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, none of these defendants are acting under color of State law. Brooks could amend to name a state actor, but even "[e]xtensive pretrial publicity does not, in itself, render a trial unfair and violate a defendant's right to due process." *Willard v. Pearson*, 823 F.2d 1141, 1146 (7th Cir. 1987) (citing *Dobbert v. Florida*, 432 U.S. 282, 303 (1977)). Since he has not yet gone to trial, he has not been denied a fair trial by these defendants or anyone else. *See State v. Brooks*, Case No. 02D05-2501-MR-000004 (Allen Superior Court 5 filed Jan. 31, 2025). If he is convicted and believes he was denied a fair trial, in federal court, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted).

To the extent Brooks may be asserting state law claims against the defendants, this court will not exercise jurisdiction over those claims in the absence of a federal claim. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs*., 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)(3)."). The court will dismiss any state law claims contained in the second amended complaint without prejudice should Brooks wish to pursue them in state court. This court offers no opinion about the wisdom of pursuing this course of action or the merit of any potential claim he may have.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE any state law claims against the defendants contained in the second amended complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on March 24, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT